UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RUDY TUCKER,

          Petitioner,

                                                  CASE NO. 2:99-CV-72263

v.                                JUDGE BERNARD A. FRIEDMAN

                                                MAGISTRATE JUDGE PAUL J. KOMIVES

DeWAYNE BURTON,

          Respondent.[1]

_____/


**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT (docket #36)**

I.      <u>RECOMMENDATION</u>: The Court should deny petitioner's motion for relief from judgment.

II.     <u>REPORT</u>:

A.     *Procedural History*

      Petitioner Rudy Tucker, a state prisoner, filed through counsel an application for the writ of habeas corpus on May 7, 1999, challenging his 1990 state court convictions for first degree murder and possession of a firearm during the commission of a felony. On December 20, 1999, the Court dismissed the petition as untimely under 28 U.S.C. § 2244(d). The matter is currently before the Court on petitioner's motion for relief from judgment pursuant to Fᴇᴅ. R. Cɪᴠ. P. 60(b)(6), filed on March 10, 2014. For the reasons that follow, the Court should deny the motion.

B.     *Analysis*

      "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his

---

     [1]By Order entered this date, DeWayne Burton has been substituted in place of Wayne Stine as the proper respondent in this action.

case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions under which a second or successive habeas petition may be considered.  In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals.  *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)).  Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions.  *See id*. at 529 (citing Rule 11, 28 U.S.C. foll. § 2254).  Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id*. at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Id*. at 532.  As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as

2

denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533.

Here, petitioner's motion for relief from judgment is not the functional equivalent of a prohibited successive petition. He does not raise any claims attacking the underlying conviction or assert any new or already decided claims as a basis for habeas relief. Rather, petitioner attacks the Court's conclusion that the petition is barred by the statute of limitations. In *Gonzalez*, the Court explicitly found that a Rule 60(b) motion "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)" does not constitute a successive petition. *Gonzalez*, 545 U.S. at 533. Thus, the only question is whether petitioner is entitled to relief under Rule 60(b).

In support of his claim, petitioner relies on the catch-all provision found in Rule 60(b)(6). Specifically, petitioner contends that a new Supreme Court decision, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), demonstrates that the Court erred in dismissing his petition on limitations grounds. The Court should reject this argument, for three reasons.

First, petitioner's motion for relief from judgment is untimely. Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Here, *Martinez* was decided on March 20, 2012, yet petitioner did not file his motion for relief from judgment until March 10, 2014, nearly two years later. Petitioner has offered no explanation for his two-year delay in seeking relief from judgment based on *Martinez*. Such a long gap between the Supreme Court's decision in *Martinez* and the filing of petitioner's motion was not a "reasonable time" under Rule 60(c)(1). *See Johnson v. Buss*, No. 05-CIV-23293, 2011 WL 2652157, at *2 (S.D. Fla. July 6, 2011) (petitioner's Rule 60(b)(6) motion based on intervening

change in law relating to limitations period not timely when filed one year after Supreme Court decision upon which petitioner relied).

Second, an intervening change in the law, such as *Martinez*, does not by itself justify relief under Rule 60(b)(6). Among the "other reason[s] justifying relief" under Rule 60, the courts have recognized that changes in the governing decisional law may justify relief in appropriate circumstances. *See Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989); *American Econ. Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246, 1280 (N.D. Cal. 1995). In particular, courts have found Rule 60 relief appropriate where there is an "applicable change in decisional law, coupled with some other special circumstances." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). In the absence of special circumstances, "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Id.* (citing cases); *accord Gonzalez*, 545 U.S. at 536 (Supreme Court decision interpreting statute of limitations provision under which prior dismissal would have been incorrect did not justify Rule 60(b)(6) relief; "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation."); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) ("[T]he *Martinez* decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)."); *see also*, *Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b) (6)."). Petitioner has identified no special or extraordinary circumstances, beyond the change in law itself, that would justify Rule 60(b)(6) relief.

Finally, petitioner cannot show that the Supreme Court's decision in *Martinez* alters this

Court's conclusion that petitioner's habeas application was untimely. As the Court explained in its order dismissing petitioner's application, petitioner did "not dispute that his habeas petition is untimely." Order, dated 12/20/99, at 5. Rather, petitioner raised several arguments why his petition should not be dismissed notwithstanding its untimeliness. As relevant here, petitioner argued that he was entitled to equitable tolling based on his postconviction relief counsel's ineffectiveness in failing to comply with the limitations period. Relying on the rule applicable to the procedural default context, the Court rejected this argument, explaining that because "[p]etitioner had no constitutional right to the assistance of counsel on state collateral review of his conviction or on habeas review," his attorney's error provided no basis for equitable tolling of the limitations period. *Id*. at 10 (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Subsequent decisions have confirmed the correctness of this result. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Merritt v. Blaine*, 326 F.3d 157, 169 (3rd Cir.2003) ("[I]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (citation omitted); *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) ("[I]neffective assistance of counsel caused by an attorney's negligence or mistake is not considered an extraordinary circumstance for the purposes of equitable tolling."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (an attorney's incompetence and "negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.").

 *Martinez* does not alter the Court's conclusion that the error of petitioner's attorney was not sufficient to justify equitable tolling. In *Coleman*, the Supreme Court held that because a defendant

has no constitutional right to the assistance of counsel in state postconviction proceedings, counsel's ineffective assistance in such proceedings cannot constitute "cause" to excuse a habeas petitioner's procedural default of the claims in the state courts. *See Coleman*, 501 U.S. at 756-57. *Martinez* considered a question left open in *Coleman*, namely "whether a prisoner has a right to effective assistance of counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial," or what the court called "initial-review collateral proceedings." *Martinez*, 132 S. Ct. at1315. The Court answered this question in the affirmative, but was careful to explain the limited nature of its holding. As the Sixth Circuit has characterized the *Martinez* holding:

> In *Martinez*, the Supreme Court "narrow[ly]" answered a "precise question": "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S. Ct. 1315. The Court carefully defined "initial review collateral proceeding" to mean state court proceedings that, by operation of state law, "provide the first occasion to raise a claim of ineffective assistance of counsel" because the state "barred the defendant from raising the claim on direct appeal." *Id*. at 1315, 1320. The Court concluded that, in that circumstance, inadequate assistance of *collateral* counsel may constitute cause to excuse the procedural default of an ineffective assistance of *trial* counsel claim, thus allowing federal courts to look past the default on habeas review and at the merits of the claim. *Id*. at 1320. But the Court repeatedly emphasized the "limited nature" of its holding, which "addresse[d] only the constitutional claims" present where the state has banned a defendant from raising his ineffective assistance of trial counsel claim on direct appeal. *Id*.

*Moore v. Mitchell*, 708 F.3d 760, 784-85 (6th Cir. 2013); *see also*, *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013).

*Martinez* is inapplicable here. In the first place, Michigan has no procedure that prevented petitioner from presenting any of his claims, including ineffective assistance of trial counsel, on direct appeal. Thus, *Martinez* provides no basis for concluding that petitioner had a right to counsel

6

in his state postconviction motion, because it was not an "initial review collateral proceeding" with respect to any claim asserted by petitioner. *See Moore*, 708 F.3d at 785. The attorney errors upon which petitioner relies to support equitable tolling occurred during the pendency of the state postconviction proceedings and the preparation of his habeas application. Notwithstanding *Martinez*, petitioner had no constitutional right to counsel during these proceedings. Second, *Martinez* is inapplicable in the equitable tolling context, because the conclusion that equitable tolling is inappropriate does not depend on whether petitioner had a constitutional right to counsel. As the cases decided since the Court's dismissal of petitioner's application have made clear, the availability of attorney error as a basis for equitable tolling does not depend on whether petitioner did or did not have a constitutional right to counsel at the time of his counsel's error. Rather, equitable tolling is unwarranted because "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling[,]" *Lawrence*, 549 U.S. at 336-37, regardless of whether there was a constitutional right to counsel at the time of counsel's error. Nothing in *Martinez* alters this understanding of the equitable tolling exception to the habeas statute of limitations. *See Morris v. Florida Dep't of Corrections*, No. 1:13-cv-00047, 2014 WL 204899, at *3 (N.D. Fla. Jan. 17, 2014) ("*Martinez* does not create a basis for equitable tolling of the limitations period."); *Scaife v. Falk*, No. 12-2530, 2013 WL 1444236, at *5 (D. Colo. Apr. 9, 2013) ("[A]lthough *Martinez* might be relevant if Mr. Scaife were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances to justify equitable tolling of the one-year limitation period."); *McKinnie v. Long*, No. EDCV 12-2102, 2013 WL 1890618, at *7-*8 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's

claims are time barred under the AEDPA statute of limitations."); *Wieland v. Thompson*, No. 3:10-cv-00059, 2012 WL 5036820, at *7 (D. Or. Oct. 17, 2012); *Vogt v. Coleman*, No. 08-530, 2012 WL 2930871, at *4 (W.D. Pa. July 18, 2012) ("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition."). For these reasons, *Martinez* casts no doubt on the Court's conclusion that petitioner was not entitled to equitable tolling of the limitations period, and thus petitioner is not entitled to relief under Rule 60(b)(6).

C.      *Recommendation Regarding Certificate of Appealability*

        1.      *Legal Standard*

        As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability is likewise "necessary to appeal the denial of a Rule 60 motion in a habeas corpus proceeding." *Henley v. Bell*, 308 Fed. Appx. 989, 990 (6th Cir. 2009) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for

8

establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073 (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is

two-fold.  In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485 (emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable.  As explained above, there is no question that petitioner's Rule 60 motion is untimely, or that the Supreme Court's decision in *Martinez* does not, by itself, constitute an extraordinary circumstance justifying relief under Rule 60(b)(6).  Moreover, it is clear that *Martinez* is inapplicable here, both because petitioner was not denied effective assistance of counsel in connection with an "initial review collateral proceeding," and because *Martinez* has no bearing on the equitable tolling issue.  Thus, the resolution of petitioner's Rule 60(b)(6) motion is not reasonably debatable.

D.  *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for relief from judgment and should deny petitioner a certificate of appealability.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

10

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 6, 2014                                s/Paul J. Komives_____
                                                  PAUL J. KOMIVES
                                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 7, 2014, electronically and/or by U.S. Mail.

                                                  s/Michael Williams_____
                                                  Case Manager to the
                                                  Honorable Paul J. Komives