UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY TUCKER,

       Petitioner,                                 Civil Action No. 99-CV-72263
                                                HON. BERNARD A. FRIEDMAN
vs.                                            MAG. JUDGE PAUL J. KOMIVES

DeWAYNE BURTON,

       Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.**      **Introduction**

This matter is before the Court on Magistrate Judge Paul J. Komives's Report and Recommendation ("R&R") dated May 2, 2014 [docket entry 39]. The R&R recommends that the Court deny petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Petitioner filed objections to the R&R pursuant to Fed. R. Civ. P. 72(b)(2) [docket entry 40]. Respondent has not filed a response. Since the Court has reviewed this matter *de novo* pursuant to Rule 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts and procedural history is accurate, the Court will adopt the summary of the factual record as it appears on the first page of the R&R.

In his objections, petitioner argues that he filed the instant motion "within a reasonable time" under Rule 60(c)(1). Although petitioner seeks relief from the judgment under intervening United States Supreme Court precedent that is approximately two years old, Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), petitioner attributes his delay in filing the instant motion to

inadequate prison law library resources. Petitioner further contends that Martinez marked a shift in decisional law that constitutes an "extraordinary circumstance" warranting Rule 60(b)(6) relief. Finally, petitioner maintains that Martinez requires the Court to vacate its prior judgment denying his petition for writ of habeas corpus on the ground of untimeliness.

**II.     Analysis**

Pursuant to its *de novo* standard of review, the Court finds that the magistrate judge's conclusions are correct. Assuming, without deciding, that petitioner filed the instant motion within a reasonable time, the Supreme Court's decision in Martinez "is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Adam v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012); see Sheppard v. Robinson, No. 00-493, 2013 U.S. Dist. LEXIS 5565, at *34 (S.D. Ohio Jan. 14, 2013) (collecting cases); see also Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefits Fund, 249 F.3d 519, 524 (6th Cir. 2001) (stating that a judgment is properly subject to Rule 60(b)(6) relief when there is "an applicable change in decisional law, coupled with some other special circumstance.").

In any event, Martinez lends no support to petitioner's argument that his initial habeas petition was entitled to equitable tolling based on his postconviction counsel's failure to comply with the AEDPA limitations period. As the Supreme Court noted in Lawrence v. Florida, 549 U.S. 327, 336-37 (2007), "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." (Citations omitted). Accordingly,

IT IS ORDERED that Magistrate Judge Paul J. Komives's Report and Recommendation dated May 2, 2014 is hereby accepted and adopted.

IT IS FURTHER ORDERED that petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) is denied.

Dated:  August 8, 2014                    _s/ Bernard A. Friedman_____
         Detroit, Michigan                BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE